## McGowan, Trustee, v. Taxing District.

TRUSTEE. *Compensation. Sale of land.* The trustee of Shelby county is entitled to a fee of fifty cents upon each tract of land sold by him and bought by the Treasurer for delinquent taxes, levied for the Taxing District of Memphis.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

GANTT & PATTERSON for McGowan.

C. W. HEISKELL for Taxing District.

FREEMAN, J., delivered the opinion of the court.

This agreed case raises the question whether the trustee of Shelby county is entitled to fifty cents for each lot or parcel of land sold by him and bought by Treasurer, for delinquent taxes levied in favor of or for use of the Taxing District of Memphis?

It is conceded that the trustee has properly discharged his duty by advertising and selling 1,976 tracts

·or lots for taxes assessed for benefit of the Taxing District.

By the act of 1881, sec. 59, the trustee is entitled to "compensation for his services in *receiving* and paying over to the rightful authorities all moneys received ·by him, commissions as therein specified, with a limit as to the amount to be received from this source."

By section 86 it is provided: "That the Comptroller of the Treasury shall issue his warrant for the ·fees of the trustee, clerk and printer, on all sales of land to the Treasurer of the State, said fees to be as ·follows: Trustee's fee fifty cents, printer's fee five dollars for notice required in sections 58 and 68, clerk's fee fifty cents for each separate tract, lot or parcel of ·land."

The claim of complainant is based on this section. We think the fifty cents is for each tract or lot sold, if applicable to sales made for the Taxing District, as such sales may continue for several days, as contemplated by law, and a compensation of only fifty cents for the entire sale, would be a mockery. Such was not the intention of the Legislature.

But the question of the right to this compensation for sales made for the Taxing District is insisted on the ground that by section 13 of the act creating the Taxing District, it is provided: "The county trustee shall, in addition to the compensation provided in chapter 91, section 10, page 132 of the acts of the ·General Assembly, passed March, 1875, receive for collecting and disbursing the revenue of said Taxing ·District, the sum of $1,000 per annum." This sum

has been paid the trustee, and it is claimed that the extra fee for sales of land is by this language excluded.

Section 10 referred to allows compensation by way of commissions on amount collected by him, and he was forbidden to receive any compensation except as provided by the act. And so we held in *State ex rel. Baber* v. *Nolan*, 8 Lea, 401, he was not entitled, under the act of 1879, amendatory of the above act to a fee of fifty cents for selling each tract of land, because there was no such fee expressly allowed by the act.

It is not denied that the trustee has properly sold this land, and is, by act of Extra Session of 1879, section 2, entitled to use the same means of compulsion of payment in the Taxing District as in the cases of collection of delinquent State and county taxes.

We cannot see how he can be excluded from the fee provided by the 86th section of the act of 1881. The land is sold by him for payment of taxes, is bought by the Treasurer of the State, and the fee fixed and affirmatively given is fifty cents for the service on each tract of land.

The $1,000 allowed by act of 1879, "for collecting and disbursing the revenue of said Taxing District," in addition to compensation by way of commission allowed by act of 1875, cannot fairly be held to forbid the right to receive a compensation provided in express terms by the subsequent act of 1881. If intended to exclude the payment of this fee in the case of sales for use of the Taxing District, it was easy to say so, and this has not been done. There is no necessary

antagonism between the two acts, the last provision is but an additional fee for a particular service that was not provided for by the act of 1875.

We therefore conclude, that for this particular service of the trustee, he is allowed the sum of fifty cents on each lot or tract of land sold by him in this case.

The judgment below is reversed and judgment here as indicated.